Filed 12/15/25  Riches v. Sohn CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| REBECCA LYNN RICHES, | D085173 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC2002047) |
| JOHN S. SOHN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside County, Christopher B. Harmon, Judge.  Affirmed.

Don Lawson for Plaintiff and Appellant.

LaFollette, Johnson, DeHaas, Fesler & Ames, Dennis K. Ames, Michael J. Doubet, Carly A. Valentine, and Robert J. Iacopino for Defendant and Respondent.


Rebecca Lynn Riches appeals the summary judgment in her medical malpractice action against John S. Sohn, M.D.  She contends his motion for summary judgment did not address all theories of liability alleged in her complaint, the expert declaration on which he relied to show he neither

breached the standard of care nor caused her alleged injuries was inadmissible, and the burden never shifted to her to show a triable issue of material fact.  We reject these contentions and affirm the judgment.

I.

BACKGROUND

A.    *Emergency Room Visit*

Riches arrived at the emergency room at San Gorgonio Memorial Hospital at 12:59 p.m. on February 11, 2019, with a complaint of abdominal pain that radiated to her left leg and back.  She had a history of diabetes, hyperlipidemia, hypertension, and atrial fibrillation, and had taken anticoagulants in the past.

Within 20 minutes of Riches's arrival, the emergency room physician, Eugene S. Kim, M.D., examined Riches and noticed her left leg was cooler and paler than her right leg.  He ordered a venous ultrasound of her left leg to evaluate for possible deep vein thrombosis and a computed tomography angiogram of the abdomen and pelvis to evaluate for possible aortic dissection.

The ultrasound was performed at Riches's bedside at 2:00 p.m., and she was taken for the angiogram at 3:00 p.m. and returned to the emergency room 20 minutes later.  Sohn read the ultrasound, found no evidence of deep vein thrombosis, and reported his findings at 2:07 p.m.  He read the angiogram, found no aortic aneurysm or dissection but did find complete occlusion of the left common iliac artery with distal reconstitution, and reported his findings at 3:24 p.m.

At 4:00 p.m., Riches complained of chills and left leg pain.  No blood pressure reading could be obtained in that leg at 4:15 p.m.  By 6:26 p.m., Kim had started Riches on an anticoagulant, stabilized her condition, and

2

arranged her transfer to another hospital for surgery to remove the arterial occlusion.

B.    *Pleadings*

Riches sued Sohn and others involved in the care and treatment she received at San Gorgonio Memorial Hospital for the arterial occlusion.  In the operative pleading, Riches asserted a "CAUSE OF ACTION FOR MEDICAL NEGLIGENCE" in which she alleged Sohn:  (1) "failed to meet the standard of care by inaccurately performing and reading diagnostic imaging"; (2) "failed to take or advise of need for further or additional diagnostic imaging"; (3) "failed to ascertain [her] condition by consulting the records or consulting the primary physician to determine needed imaging or procedure"; and (4) "fail[ed] to obtain informed consent for treat[ment] or absence of treatment."  Riches alleged Sohn's failures and those of other defendants resulted in a delay in her transfer to the facility where she underwent surgery, and the delay caused her pain and suffering, permanent disability, medical bills, and lost earnings.  Riches also asserted "Other Causes of Action" in which she alleged Sohn and the other defendants "mishandled medical records and information at intake to emergency department in violation of state and Federal statu[t]es and common law," "showed reckless neglect in their interaction with [her] as defined in Welfare Code 15600 and following," and "were in breach of written and implied contract relating to the services and care provided."  She prayed for general and special damages and costs of suit.

Sohn demurred to the "Other Causes of Action" on grounds of uncertainty, failure to state facts sufficient to constitute a cause of action, and failure adequately to identify the contract at issue.  (Code Civ. Proc.,

§ 430.10, subds. (e)–(g).)  The superior court sustained the demurrer without leave to amend.

C.    *Motion for Summary Judgment*

Sohn later moved for summary judgment on Riches's remaining "CAUSE OF ACTION FOR MEDICAL NEGLIGENCE." (1 CT 235-236)! (Code Civ. Proc., § 437c.)  He argued there were no triable issues of material fact and he was entitled to judgment as a matter of law because he neither breached the standard of care nor proximately caused her any injury.  (*Id.*, subd. (c).)  In an accompanying separate statement of undisputed material facts, Sohn asserted the cause of action for medical malpractice was "barred" because he acted within the standard of care and did not cause Riches any injury, and he referenced the evidence relied on to support those assertions.  (*Id.*, subd. (b)(1); Cal. Rules of Court, rule 3.1350(d).)

Sohn supported the motion with copies of Riches's medical records from San Gorgonio Memorial Hospital, which the custodian of records certified as authentic.  He also submitted a declaration from John Lieu, M.D., a licensed physician who specializes in diagnostic radiology and, based on his education, training, and experience, was familiar with the standard of care required of a radiologist practicing in Southern California at the time of Riches's emergency room visit.  Lieu reviewed her medical records "from San Gorgonio Hospital, including the relevant imaging studies read by [Sohn]," and recounted in detail the pertinent events of the February 11, 2019 visit.  He understood her claim to be that Sohn breached the standard of care because his "interpretation of the imaging studies missed pathology" and "led to a delay in [her] being transferred to another facility for further management of her arterial occlusion."  Based on his review of Riches's medical records and his education, training, and experience, Lieu stated it was his opinion "to a

4

reasonable degree of medical probability that [Sohn's] care and treatment of [Riches] was appropriate and within the standard of care." Specifically, Lieu stated that Sohn correctly interpreted the imaging studies to rule out deep vein thrombosis and aortic dissection and to identify the occlusion in the left common iliac artery, and Sohn communicated his findings to Kim "in the usual manner. Once those findings were communicated, it was within the medical judgment of [Kim] how to manage those conditions and in what time frame based upon [Riches's] clinical course." Lieu stated there was no indication Sohn had any role in Riches's care other than to review and to report on the venous ultrasound and computed tomography angiogram. In Lieu's opinion, "[t]o a reasonable degree of medical probability, no act or omission by [Sohn] . . . was a substantial factor that caused or contributed to any injury suffered by [Riches], and the complications she suffered were "all within the realm of potential risks and complications of the disease process and treatment [she] received and which can and do occur in the absence of negligence."

Riches opposed the motion for summary judgment. She argued Sohn did not negate all theories of liability she alleged in the operative complaint, including lack of informed consent, negligent selection and management of personnel, and the "Other Causes of Action." Riches also argued Lieu's declaration was inadmissible because he did not meet the requirements to give expert opinion testimony in a case involving emergency room care and did not base his opinions on the correct medical records. With the opposition papers, Riches included two objections to Lieu's declaration. First, she objected Lieu "ha[d] not established that he had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department" as

required by Health and Safety Code section 1799.110, subdivision (c). Second, Riches objected Lieu's opinions were not based on matters of a type on which experts reasonably rely to form opinions, because he identified the records he reviewed as from San Gorgonio Hospital rather than from San Gorgonio Memorial Hospital and did not state the types or dates of the records he reviewed. Riches did not submit a declaration from her own expert.

In reply, Sohn argued the only cause of action at issue was the one for medical malpractice and his motion addressed all legal theories applicable to that cause of action. He further argued Lieu's declaration was admissible, and in the absence of a declaration from her own expert controverting Lieu's opinions, Riches could not defeat the summary judgment motion.

The superior court held a hearing at which it overruled Riches's objections to Lieu's declaration and granted the summary judgment motion. The court ruled Sohn met his initial burden by showing through Lieu's declaration that Riches could establish neither breach of the standard of care nor causation, and she did not meet her burden to show there was a triable issue of material fact because she submitted no expert testimony controverting Lieu's conclusions. The court rejected Riches's argument that Sohn failed to address all theories of liability she had alleged in the operative complaint. The court ruled Sohn's role in Riches's care "was limited to reading and reporting the diagnostic imaging – not obtaining informed consent or managing personnel"; and "the 'other causes of action' were dismissed with prejudice following the [c]ourt's sustaining of [Sohn's] demurrer." The court entered a separate judgment that Riches take nothing from Sohn.

6

## II.

## DISCUSSION

Riches attacks the judgment on multiple grounds. She contends the superior court could not grant the motion for summary judgment because Sohn did not specifically identify her lack of informed consent theory in his separate statement of undisputed material facts and Lieu did not specifically address that theory in his declaration. Riches argues the court should have excluded Lieu's declaration because he is not qualified to give an opinion on the standard of care applicable in emergency room situations, he did not establish he reviewed the correct medical records, and he based his opinions on factually incorrect assumptions. Because Sohn did not meet his initial burden to negate all theories of liability, Riches argues, the burden never shifted to her to show there was a triable issue of material fact, and the superior court erred by ruling she failed to sustain that burden by submitting no admissible expert testimony to controvert Lieu's opinions. She asks us to reverse the judgment.

A.     *Standard of Review*

We review a summary judgment de novo. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39; *Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 661.) A defendant's motion for summary judgment is properly granted if the papers submitted show there is no triable issue of material fact on an essential element of the plaintiff's cause of action. (Code Civ. Proc., § 437c, subds. (a)(1), (c), (o)(1); *Kaney v. Custance* (2022) 74 Cal.App.5th 201, 212.) The defendant may satisfy his initial burden on the motion by submitting evidence showing the plaintiff cannot establish an essential element of her cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Knapp v. Ginsberg* (2021) 67 Cal.App.5th 504, 525; *Doe*, at p. 661.) If the defendant does so, the

7

burden shifts to the plaintiff to submit evidence showing a triable issue of material fact exists on that element. (Code Civ. Proc., § 437c, subd. (p)(2); *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476–477; *Knapp*, at p. 525.) In reviewing the superior court's ruling, we consider all the evidence in the moving and opposition papers (except that to which objections were made and properly sustained) and all the reasonable inferences from the evidence, and we view the evidence in the light most favorable to the plaintiff. (Code Civ. Proc., § 437c, subd. (c); *Gonzalez*, at p. 39; *Doe*, at p. 662.) We must affirm the summary judgment if it is correct on any of the grounds asserted in the motion. (*Harding v. Lifetime Financial, Inc.* (2025) 109 Cal.App.5th 753, 760; *Doe*, at p. 662.)

B.    *Failure of Motion to Target and Defeat Informed Consent Theory*

Riches contends the motion for summary judgment was procedurally defective in that the separate statement did not specifically identify lack of informed consent as an issue on which the material facts were undisputed.[1] In support of this contention, she cites " 'the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist.*' " (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337.) Riches also contends the superior court's ruling that Sohn's role in her care did not include obtaining informed consent is based on an impermissible inference from Lieu's declaration. (See Code Civ. Proc., § 437c, subd. (c) ["summary judgment shall not be granted by the court based on inferences

---

[1]    In a related argument, Riches references the allegations of the "Other Causes of Action" in her operative complaint and contends Sohn did not meet his burden to show there were no triable issues of fact on the theories of liability there asserted. Sohn's prior successful demurrer to the "Other Causes of Action" effectively eliminated those theories from the complaint. (*Maxwell v. Dolezal* (2014) 231 Cal.App.4th 93, 99.) Sohn did not have to attack them a second time in his motion for summary judgment.

8

reasonably deducible from the evidence if contradicted by other inferences or evidence that raise a triable issue as to any material fact"].)  We reject both contentions.

Sohn's moving papers sufficiently identified the subject of the motion for summary judgment even though the separate statement did not specifically mention lack of informed consent.  The separate statement required as part of the motion (Code Civ. Proc., § 437c, subd. (b)(1)) "must separately identify:  [¶]  (A) Each cause of action, claim for damages, issue of duty, or affirmative defense that is the subject of the motion" (Cal. Rules of Court, rule 3.1350(d)(1)).  Sohn's separate statement asserted Riches's "cause of action for 'medical malpractice' [was] barred because [his] care and treatment of [her] was within the standard of care and not the cause of injury to [her]."  (Capitalization and boldface omitted.)  That was the only cause of action left after the superior court sustained his demurrer to the "Other Causes of Action" without leave to amend.  The operative complaint contained no separate cause of action for failure to obtain informed consent.  Rather, as part of the cause of action for medical malpractice, Riches alleged Sohn breached the standard of care by, among other omissions, "failing to obtain informed consent for treat[ment] or for absence of treatment."  As alleged, Riches's lack of consent theory was a form of medical malpractice (*Cobbs v. Grant* (1972) 8 Cal.3d 229, 240–241; *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 321–322) and therefore fell within the scope of the motion.  Having sought summary *judgment* on the entire medical malpractice cause of action, not summary *adjudication* on any informed consent subissue, Sohn properly identified the targeted cause of action in his separate statement and did not have to identify the subissue.  (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118.)

9

In rejecting Riches's argument that Sohn's failure to address the lack of informed consent theory in the separate statement was a failure to meet his initial burden on the motion, the superior court did not impermissibly infer from Lieu's declaration that Sohn's role in her care did not involve obtaining informed consent. In his declaration, Lieu stated: "Other than his review and reporting of the venous [ultrasound] and [computed tomography] angiogram on February 11th, there is no indication [Sohn] had any other role in [Riches's] care at any time." Based in part on that limited role, Lieu stated that "no act or omission by Sohn . . . was a substantial factor that caused or contributed to any injury suffered by [Riches]." Riches's medical records support those statements. They identify Kim as the admitting, attending, and ordering physician, and Sohn as the radiologist. The records show Kim spoke to and examined Riches and signed orders for tests and treatments, but Sohn signed only the reports of his findings on the imaging studies. Where, as here, the record shows a radiologist never dealt directly with a patient and acted only as a consultant to an emergency room physician who decided what course of action to take, what tests to order, and what treatment to prescribe for the patient, the radiologist need not obtain the patient's informed consent. (*Townsend v. Turk* (1990) 218 Cal.App.3d 278, 285, 287.) The superior court thus reasonably could infer from Lieu's declaration that Sohn's role in Riches's care included only reading and reporting on the imaging studies Kim ordered and did not include obtaining informed consent. That inference, in turn, supports Lieu's opinion that Sohn's limited role was not a substantial factor in producing any injury that might have resulted from a lack of informed consent. Consequently, the superior court correctly ruled Sohn met his initial burden to show there was no triable issue of material fact on the informed consent theory embedded in Riches's medical malpractice cause of

10

action.  (See *Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 352 [court may grant motion for summary judgment based on reasonable inference when no contradictory inference reasonably may be drawn].).)[2]

C.    *Admissibility of Lieu's Declaration*

Riches argues the superior court erroneously overruled her objections and admitted Lieu's declaration.  She contends Lieu did not establish his qualifications to render opinions in a case involving emergency room care of a patient with vascular compromise, did not confirm he reviewed the correct medical records, and based his opinions on incorrect data.  Because the declaration was inadmissible, says Riches, Sohn did not meet his burden to show there were no triable issues of material fact and the court had to deny the motion for summary judgment.  As we explain below, Lieu's declaration was admissible, and the court properly considered it in ruling on the summary judgment motion.

We review the rulings on Riches's evidentiary objections for abuse of discretion.  (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1118; *Alexander v. Scripps Memorial Hospital La Jolla* (2018) 23 Cal.App.5th 206, 226 (*Alexander*).)  A court abuses discretion when it " 'exceed[s] the bounds of

---

[2]    Another theory of liability embedded in the medical malpractice cause of action that Riches contends Sohn did not meet his burden to negate was that he negligently managed and selected the personnel involved in her care. She mentions that theory in her appellate brief but provides no argument with citations to the record and pertinent legal authorities to explain how he failed to meet his burden to negate it.  Such an undeveloped contention is forfeited. (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 513–514; *County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 861.)  In any event, as the superior court correctly ruled, the same evidence of Sohn's limited role in Riches's care that satisfied his initial burden to negate her informed consent theory also sufficed to negate her theory of negligent management and selection of personnel.

11

reason, all of the circumstances before it being considered' " (*Alexander*, at p. 226), i.e., when its ruling "is 'so irrational or arbitrary that no reasonable person could agree with it' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773).

Riches's first objection to Lieu's declaration in the superior court was that he lacked the "special knowledge, skill, experience, training, or education" required to qualify as an expert witness (Evid. Code, § 720, subd. (a)) in a medical malpractice case "against a physician and surgeon providing emergency medical coverage for a general acute care hospital emergency department" (Health & Saf. Code, § 1799.110, subd. (c)). In such a case, "the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department." (*Ibid.*) Lieu did not state he had such experience in his declaration. As we shall explain, any lack of emergency room experience did not render Lieu's declaration entirely inadmissible.

There is a conflict in the Court of Appeal decisions pertinent to deciding whether experience in providing "emergency medical coverage" as specified in Health and Safety Code section 1179.110, subdivision (c) was necessary in this case. The Fifth District held the quoted phrase does *not* include services provided on an on-call or as-needed basis by a specialty physician at the request of an emergency room physician treating a patient in the emergency room. (*Miranda v. National Emergency Services, Inc.* (1995) 35 Cal.App.4th 894, 900–907.) Division Two of the Second District expressly disagreed with *Miranda* and held the specialist's services fell within the scope of "emergency

12

medical coverage." (*Charlie L. v. Kangavari* (2025) 107 Cal.App.5th 1117, 1121, 1125–1131.)

We need not take a side in the conflict to resolve this appeal. The emergency room experience requirement of Health and Safety Code section 1179.110, subdivision (c) "applies only to evidence regarding the standard of care required of an emergency room physician." (*Stokes v. Baker* (2019) 35 Cal.App.5th 946, 966.) It does not apply to expert testimony on causation. (*Id.* at p. 968.) Lieu addressed both standard of care and causation in his declaration. Even if we assume without deciding that section 1179.110, subdivision (c) applied to his testimony on the standard of care, it would not apply to his testimony on causation. As a licensed physician who specializes in diagnostic radiology and is familiar with the standard of practice in Southern California, Lieu was qualified to give an opinion on whether any act or omission by Sohn caused Riches any injury. (Evid. Code, § 720; *Brown v. Colm* (1974) 11 Cal.3d 639, 645.) Hence, at least as to the issue of causation, the superior court properly overruled Riches's objection to Lieu's qualifications and considered his opinion on causation in ruling on the motion for summary judgment.[3]

---

[3] In her appellate brief, Riches objects to Lieu's qualifications on additional grounds. She complains he did not state in his declaration how long he has been in practice, whether he ever worked in an emergency department, whether he ever diagnosed a complete arterial occlusion, whether he ever authored reports in life-threatening emergency contexts, and whether he had experience with triage protocols or vascular surgical transfers. Riches forfeited these additional grounds by failing to assert them in the superior court. (Code Civ. Proc., § 437c, subd. (b)(5); Evid. Code, § 353, subd. (a); *People v. Morales* (2020) 10 Cal.5th 76, 98; *SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 563–565.)

13

Riches's second objection to Lieu's declaration in the superior court was that his opinions were not "[b]ased on matter . . . of a type that reasonably may be relied upon by an expert in forming an opinion." (Evid. Code, § 801, subd. (b).) Specifically, Riches argued Lieu's declaration was inadmissible because he misidentified the hospital whose emergency room she visited and failed to identify the types and dates of the records he reviewed and therefore did not establish he reviewed the correct medical records. We disagree.

Copies of Riches's medical records from San Gorgonio Memorial Hospital, which included her February 11, 2019 emergency room visit and were certified as authentic business records by the custodian of records, were submitted in support of Sohn's motion for summary judgment. Such records are admissible in evidence as business records (Evid. Code, § 1271; *In re Troy D.* (1989) 215 Cal.App.3d 889, 902–903) and are a "type of records on which medical experts may and do rely in order to give expert testimony in a medical malpractice case" (*Wicks v. Antelope Valley Healthcare Dist.* (2020) 49 Cal.App.5th 866, 876). Although Lieu stated he reviewed Riches's records from "San Gorgonio Hospital" rather than from "San Gorgonio Memorial Hospital," he stated Riches visited the hospital's emergency department on February 11, 2019, and summarized the events of that visit in such detail that it is obvious he reviewed the correct records despite his minor error in naming the hospital. (See *Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 505–506 [sufficient foundation for opinion when medical expert correctly described medical records he reviewed, and records were authenticated and were before court].) In overruling Riches's foundational objection to Lieu's declaration, the superior court did not " 'exceed the bounds of reason, all of the circumstances before it being

14

considered,' " and so did not abuse its discretion. (*Alexander, supra*, 23 Cal.App.5th at p. 226.)

Riches asserts another foundational objection to Lieu's declaration for the first time in her appellate brief. She contends that in forming his opinions, Lieu assumed the amount of time that elapsed between performance of the computed tomography angiogram and Sohn's report of an occlusion in her left common iliac artery was only 24 minutes when it was really one hour and 56 minutes. Riches says that whether the length of the reporting delay met the standard of care in the emergency room setting was one of "**the key issues in this case**," and Lieu's reliance on a false factual assumption concerning the length of the delay rendered his opinions inadmissible. (See, e.g., *Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 155 [expert opinion based on factual assumptions without evidentiary support has no evidentiary value and may be excluded from evidence].) We are not persuaded.

Riches forfeited this additional objection by failing to make it in the superior court. (Code Civ. Proc., § 437c, subd. (b)(5); Evid. Code, § 353, subd. (a); *Guastello v. AIG Specialty Ins. Co.* (2021) 61 Cal.App.5th 97, 105; *Haskell v. Carli* (1987) 195 Cal.App.3d 124, 129.) The objection also lacks merit. The nurses' notes from Riches's emergency room visit on February 11, 2019, state she was taken for the angiogram at 3:00 p.m. and returned to the emergency room at 3:20 p.m. Sohn issued his report at 3:24 p.m. Those are the times Lieu listed in his declaration. Riches bases her contrary assertion the angiogram was done at 1:28 p.m. on the following entry in Sohn's report: "**Procedure:** 02/11/19 13:28 CTA ABDOMEN AND PELVIS PER PROTOCOL." As Sohn points out, however, other parts of the medical records make clear that 1:28 p.m. was the time the order for the angiogram

15

was put into the hospital computer system, not the time the angiogram was done. We conclude the facts on which Lieu based his opinions are supported by the medical records and his declaration is not subject to the foundational objection Riches belatedly asserts.

D.     *Failure to Shift Burden*

As her last claim of error, Riches challenges the superior court's ruling that she failed to meet her burden of proof on the motion for summary judgment. She reprises her claims the motion did not address her informed consent theory of liability and Lieu's declaration was inadmissible to argue Sohn did not meet his initial burden to show her action had no merit. Riches then goes on to argue Sohn's failure to meet his burden to show there were no triable issues of material fact on the standard of care and causation elements of her medical malpractice claim relieved her of any burden "to oppose the [motion] with a counter expert witness declaration." (See, e.g., *Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 305 ["Unless the moving party meets its burden, summary judgment cannot be ordered, even if the opposing party does not respond sufficiently or at all."].) We reject this claim of error.

We have already decided Sohn's motion for summary judgment adequately addressed the informed consent theory of liability embedded in Riches's cause of action for medical malpractice (pt. II.B., *ante*) and the superior court properly admitted Lieu's declaration (pt. II.C., *ante*). What remains for us to decide is whether Sohn met his burden to "show that there is no triable issue as to any material fact and that [he] is entitled to a judgment as a matter of law" on her medical malpractice claim. (Code Civ. Proc., § 437c, subd. (c); see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*) [party moving for summary judgment bears initial burden to make prima facie showing of nonexistence of any triable issue of material

16

fact].)  As described in her appellate brief, Riches's claim is based on Sohn's "unreasonable delay of nearly two hours to report the results" of the angiogram that revealed the occlusion in her left common iliac artery during her February 11, 2019 visit to the emergency department of San Gorgonio Memorial Hospital.  Riches alleges she "suffered physical and emotional trauma from the delay [and] almost died.  Only emergency surgery at [another hospital] saved her leg and life."

Sohn met his initial burden on the summary judgment motion by showing Riches could not establish an essential element of her cause of action.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 850.)  One element of a cause of action for medical malpractice is a proximate causal connection between the negligent act or omission and the injury, which must be proven to a reasonable medical probability by competent expert testimony.  (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 970 (*Lattimore*).)  To show Riches could not prove causation, Sohn submitted Lieu's declaration.  Lieu acknowledged Riches's claim that Sohn's "interpretation of the imaging studies . . . led to a delay in [her] being transferred to another facility for further management of her arterial occlusion."  Lieu accurately described the course of events during Riches's emergency room visit, including the time she had the computed tomography angiogram and the time Sohn reported the arterial occlusion, and noted Sohn's involvement in her care was limited to reading and reporting on the imaging studies.  Lieu stated Sohn's "findings were communicated to the ordering physician [i.e., Kim] in the usual manner," and it was then up to Kim to decide "how to manage those conditions and in what time frame based upon [Riches's] clinical course."  Lieu also noted Riches had a history of diabetes, hyperlipidemia, and atrial fibrillation and had been on

17

anticoagulants, and the complications she suffered were "within the realm of potential risks and complications of the disease process and treatment [she] received" and "can and do occur in the absence of negligence." Based on his education, training, experience, and review of Riches's medical records, it was Lieu's opinion "[t]o a reasonable degree of medical probability" that "no act or omission by [Sohn] . . . was a substantial factor that caused or contributed to any injury suffered by [Riches]." By submitting Lieu's declaration, Sohn made the required prima facie showing that Riches could not establish that he caused the delay to which she attributes her injuries. (*Aguilar*, at pp. 850–851; *Lattimore*, at p. 969.)

Once Sohn made that showing, the burden shifted to Riches "to show that a triable issue of one or more material facts exists" as to causation by "set[ting] forth the specific facts" establishing such an issue. (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar, supra*, 25 Cal.4th at p. 850.) Causation in this medical malpractice case must be proven by expert testimony. (*Zaragoza v. Adam* (2025) 109 Cal.App.5th 113, 118–119; *Lattimore, supra*, 239 Cal.App.4th at p. 970.) Thus, where, as here," 'the moving party produces a competent expert declaration showing there is no triable issue of fact on [causation], the opposing party's burden is to produce a competent expert declaration to the contrary.' " (*Fernandez v. Alexander* (2019) 31 Cal.App.5th 770, 779.) Because Riches produced no such declaration, the superior court correctly granted Sohn's motion for summary judgment. (*Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 844; *Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984–985.)

III.

DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.


IRION, J.

WE CONCUR:



McCONNELL, P. J.



DO, J.

19